# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DOROTHY V. MCADAMS,               )<br>                                                          )<br>           Plaintiff,                            )<br>   vs.                                                )<br>                                                          )<br>LAS VEGAS BOAT HARBOR, INC., DOES )<br>EMPLOYEES I through X; DOES I through )<br>X; and ROE CORPORATIONS, I through X, )<br>inclusive,                                        )<br>                                                          )<br>           Defendants.                      )<br>                                                          ) | Case No.: 2:11-cv-01186-GMN-RJJ<br><br>**ORDER** |

Before the Court is Plaintiff Dorothy McAdams' Motion to Remand (ECF No. 5). Defendant Las Vegas Boat Harbor, Inc. did not file a Response. Defendant removed this action to Federal District Court on July 21, 2011. (ECF No. 1). Defendant's basis for removal was 28 U.S.C. § 1332, diversity of citizenship.

District courts have original jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of showing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

Plaintiff is a citizen of California and Defendant is a citizen of Nevada. The Complaint alleges an amount in controversy "in excess of $10,000.00." Defendant argues that based on the allegations set forth in the Complaint the amount in controversy exceeds $75,000.00 because she claims to have "suffered personal injury receiving both internal and external injuries and great pain, suffering, shock and anxiety and was required to incur expenses for and to employ the

services of a physician and to procure x-rays, medicine and general medical care and attention." This does not establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)( In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.)  Accordingly, the Court grants Plaintiff's motion.[1]

**IT IS HEREBY ORDERED** that Plaintiff Dorothy McAdams' Motion to Remand (ECF No. 5) is hereby **GRANTED**, and this case is **REMANDED** back to the Eighth Judicial District Court.

DATED this 19th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court can also grant the motion to remand under Local Rule 7-2(d) because it is unopposed. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7–2(d).